## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| AMERICAN STATE BANK AND TRUST COMPANY OF WILLISTON, | ) ) ) | CV 10-154-BLG-RFC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **ORDER** |
| ROY J. ANDERSON, TIFFANI ANDERSON JAMES ANDERSON, and John Does 1-4, | ) ) ) | |
| Defendants. | ) ) | |
| ROY J. ANDERSON, and TIFFANI ANDERSON, husband and wife, | ) ) ) | |
| Counter Defendants, | ) ) | |
| vs. | ) ) | |
| UNITED STATE OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FARM SERVICE AGENCY, RICHLAND COUNTY, MONTANA, and PATRICK TURNER, | ) ) ) ) ) | |
| Third Party Defendants. | ) ) | |

Federal Third Party Defendants/United States has moved the Court for

summary judgment as to the claims set forth in Andersons' Third Party Complaint.

The basis for their motion is that the United States is the only proper party in an

action under the Federal Tort Claims Act; the Third Party Complaint fails to state

a claim under the Federal Tort Claims Act and is further barred by 28 U.S.C. §

2680(a) and (h); and there is no waiver of sovereign immunity to assert claims

under 42 U.S.C. § 1981 as against the United States, its agencies and employees.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient

evidentiary basis on which a reasonable fact finder could find for the nonmoving

party and a dispute is "material" only if it could affect the outcome of the suit

under the governing law. *Anderson, v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

(1986).

The party moving for summary judgment has the initial burden of showing

the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57.

Once the moving party has done so, the burden shifts to the opposing party to set

forth specific facts showing there is a genuine issue for trial. *In re Barboza*, 545

F.3d 702, 707 (9th Cir. 2008). The nonmoving party "may not rely on denials in

the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Id.*

On summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Id.* The court should not weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249.

## ANALYSIS

As an initial matter, the Court notes that the Andersons have not responded to the motion for summary judgment. Pursuant to L.R. 7.1(d)(1)(B):

> Any party that opposes a motion must file a response brief. Responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within twenty-one (21) days after the motion was filed. . . failure to file a response brief may be deemed an admission that the motion is well-taken.

The Court set a briefing schedule and ordered a response from Andersons on or before October 18, 2011. Almost 90 days has passed since the United States has moved for summary judgment. More than sufficient time has passed for Andersons to respond. Even if Andersons had responded, the motion for summary judgment would be granted for the reasons set forth below.

**I.     Andersons' Third Party Tort Claims are Subject to the Federal Tort Claims Act, and the United States is the Only Proper Party Defendant.**

Andersons' Third Party Complaint is unclear as to the basis of jurisdiction for their claims against the United States, the Department of Agriculture, Farm Service Agency, and Patrick Turner.  No basis for federal court jurisdiction or a waiver of sovereign immunity is set forth in the Third Party Complaint as required under Fed. R. Civ. P. 8(a)(1).  The claims against the United States, USDA Farm Service Agency (FSA), and Patrick Turner, an FSA employee, set forth in Counts I through IV, are based in tort.  The only proper party for a tort claim under the Federal Tort Claims Act (FTCA) is the United States.  Therefore, USDA Farm Service Agency and its employee Patrick Turner must be dismissed.

There is no waiver of sovereign immunity to sue a federal agency on claims cognizable under the FTCA.  *FDIC v. Meyer*, 510 U.S. 471,476-477 (1994).  See also*, Owyhee Grazing Assoc., Inc. v. Field*, 637 F.3d 694, 697 (9th Cir. 1981).  In addition, Andersons have named Patrick Turner for actions taken within the course and scope of his employment in his official capacity.  An action taken by a federal employee in his official capacity is, in essence, a suit against the sovereign,

and the sovereign immunity of the United States extends to employees sued in their official capacity. *Daddona v. Gaudio*, 156 F. Supp.2d 153, 157-58 (D. Conn. 2000) (citing *Monell v. Depart. of Social Services*, 436 U.S. 658, 691 n. 55 (1978)); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

If the complaint is intended to be a tort suit against any federal employee in their personal capacity, such suit is barred by the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679(b)(1). The United States has filed a Certification of the United States Attorney for the District of Montana that the individually named federal employee defendant, Patrick Turner, was acting within the scope of his employment at the time of the incidents giving rise to this claim.[1] Once certification is given, the Act mandates the substitution of the United States as the defendant. 28 U.S.C. § 2679(d)(1); *Meridian Intern. Logistics, Inc. v. United States*, 939 F.2d 740, 743-44 (9th Cir. 1991). Therefore, the only proper party to tort claims against the Third Party Federal Defendants is the United States.

In addition, to the extent that Andersons may be seeking to assert a constitutional tort, they do not have a claim. First, there is no waiver of sovereign

---

[1]The Attorney General is authorized to certify that a United States employee was acting with the scope of his employment. 28 U.S.C. §2679(d)(1). This authority has been delegated to United States Attorneys. *See* 28 C.F.R. § 15.4.

immunity to bring a constitutional tort claim against the United States or an agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985). Second, Andersons are pleading common law torts, which should not be pursued under the rubric of "constitutional tort." The Supreme Court has instructed lower courts not to constitutionalize common law torts and has repeatedly emphasized that the Constitution was not drafted to replace traditional tort law. *See e.g., Daniels v. Williams*, 474 U.S. 327, 332 (1986). The Court has uniformly and repeatedly rejected efforts to elevate common law tort claims to a constitutional dimension by artful pleading. *Daniels*, 474 U.S. at 332; *Baker v. McCollan*, 443 U.S. 137 (1979); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The proper party to this litigation for tort claims is the United States.

## II. Third Party Complaint Tort Claims Fail to State a Claim and are Barred by Sovereign Immunity.

The United States, as a sovereign, is immune from suit except to the extent of its express consent. *Reed ex rel. Allen v. U.S. Dept. of Interior*, 231 F.3d 501, 504 (9th Cir. 2000); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies

from suit." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). No action lies against the United States unless Congress has authorized it. *United States v. Testan*, 424 U.S. 392, 399 (1976).

**A.    Counts III and IV do not Allege a Tort Duty Owed by a Private Person and Cannot be Brought under the FTCA.**

In Counts III and IV of the Third Party Complaint, Andersons assert a negligent violation of administrative regulations and the Agricultural Credit Act of 1987 as a basis for their tort claims. First, it should be noted that there is no private right of action under the statutes or the regulations. *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 610 (6th Cir. 1992); *Farm Credit Bank of Texas v. Farish*, 32 F.3d 184, 189 (5th Cir. 1994).

In *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172, 1174-75 (9th Cir. 1989), the Court found no private right of action. In doing so it noted as follows:

> We look at the overall purpose of the 1987 Act, however, and conclude that the major impetus for the legislation was the financial crisis of the Farm Credit System. "[The bill] is necessary to reassure both American farmers and our financial markets that the Farm Credit System will remain a viable entity next year and into the 21st century." 133 Cong. Rec. S. 16831 (Dec. 1, 1987)(remarks of Sen. Leahy). "[The bill] has two major objectives: First, provide meaningful assistance to the

system; and second, minimize to the greatest extent possible exposure to the Federal budget." 133 Cong. Rec. S. 16833 (Dec. 1, 1987)(remarks of Sen. Boren).

*Harper*, 878 F.2d at 1174-75. Thus, violations of the statute and act do not create a private right of action.

In addition to there being no private right of action, there is also no viable tort claim under Counts III and IV because no "private person" in Montana owes any such tort duty. The Federal Tort Claims Act (FTCA) provides that the United States shall be liable "for money damages, . . .for injury . . .caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(emphasis added).

In order to support their FTCA claim a plaintiff must demonstrate that under state law, a private person in similar circumstances would owe a tort duty. State law controls the question of duty, breach of duty, causation, and damages. *Trombetta v. United States*, 613 F. Supp. 169 (D. Mont. 1985); 28 U.S.C. § 2674. State law controls even when the alleged negligent act or omission occurs on Indian land located within a state. *Mentz v. United States*, 359 F. Supp.2d 856,

860 (D.N.D. 2005).  The FTCA does not create new causes of action but serves to make the United States liable only in accordance with local tort law.  *Art Metal-USA, Inc., v. United States*, 753 F.2d 1151,1157 (D.C. Cir. 1985).

Although Andersons assert violations of federal regulations as a basis for their tort claim in Counts III and IV, the only regulations cited require the lender to consider or take some action, not the United States.  See 7 C.F.R. § 762.143(b), and 7 C.F.R. § 762.149(a).  The Court agrees with the conclusion made by the United States that there is no statute or regulation that states that a private lender under the guaranteed loan statutes or regulations "must" restructure a loan when the borrower is in default.  No statute or regulation provides that the guarantor FSA can force a lender to restructure loans which are in default.  Rather, the lender is to enforce the notes and security agreements.  Although a lender may "consider" restructuring, it need not do so.  There is no dispute that the record in this case reflects years of restructuring by the lender.  Although Andersons claim they were not offered Interest Assistance (IA), the record reflects that they in fact received and exhausted their eligibility for IA.

A violation of a federal statute or federal regulation does not itself provide the foundation for an FTCA claim in any event.  *United States Gold & Silver Investments, Inc. v. United States, ex. rel. Director, U.S. Mint*, 885 F.2d 620, 621

(9th Cir. 1989) ("[T]he FTCA is not intended to encompass" a claim based solely on a "violation of a federal statute."); *Younger v. United States*, 662 F.2d 580, 582 (9th Cir. 1981). Nor do internal agency instructions or manuals cited by Andersons have the force of law and therefore cannot provide a basis for creating a duty. *Schweiker v. Hanson*, 450 U.S. 785, 789 (1981). *Jacobo v. United States*, 853 F.2d 640, 641-42 (9th Cir. 1988).

The tort obligation must be that of a private person in Montana for sovereign immunity to have been waived. There is no duty by a private person guaranteeing a loan which would give rise to a tort duty in this case. *Love v. U.S. Dept. of Agriculture*, 647 F. Supp. 141, 144 (D. Mont. 1986), *aff'd*, 848 F.2d 198 (9th Cir. 1988).

Counts III and IV must be dismissed because there is no duty owed by the guarantor to the borrower.

**B.      Counts I, II, III and IV Barred by Statutory Exceptions to the FTCA Waiver of Sovereign Immunity Under 28 U.S.C. § 2680.**

The FTCA provides statutory exceptions for certain tort liability set forth in 28 U.S.C. § 2680. If a claim falls within one of the statutory exceptions to the

FTCA, the court is without subject matter jurisdiction to hear the case. *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The first applicable exception is the discretionary function exception. Title 28 U.S.C. § 2680(a) provides as follows:

> The provisions of this chapter and section 1346(b) of this title shall not apply to:
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, <u>or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused</u>.

28 U.S.C. § 2680(a)(emphasis added).

A two-step analysis is utilized to determine whether the challenged conduct falls under the discretionary function exception. First, the court must look to whether the challenged conduct involves "an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991). The second step is to determine whether the judgment is the type the discretionary function exception was designed to shield. *Id.* "[I]f the judgment involves considerations of social, economic, or political policy, the exception applies." *In re Glacier Bay*, 71 F.3d 1447, 1450 (9th Cir. 1995).

It is not necessary to show that the employee involved actually weighed the social, political, or economic considerations for the exception to apply. It is sufficient to bar suit if the decision is "susceptible" to policy analysis. The discretionary function exception is applicable even in the absence of a conscious decision weighing policy concerns. *Miller v. United States*, 163 F.3d 591, 593-94 (9th Cir. 1998) (citing *Gaubert*, 499 U.S. at 324, and *FDIC v. Craft*, 157 F.3d 697, 707 (9th Cir. 1998)).

The discretionary function exception applies "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Negligence is irrelevant to the inquiry as to whether the discretionary function exception applies. *Gaubert*, 499 U.S. at 332. The issue is whether judgment or choice exists, not whether, in fact, the discretion was exercised in a negligent manner. *Daniels v. United States*, 967 F.2d 1463, 1465 (10th Cir. 1992).

The case law has also found that where the government is exercising discretion, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324; *Miller*, 163 F.3d at 593-94. Likewise, the fact that there may be broad policy declarations in the regulations, i.e., that upon request the United States is to "assist in developing solutions" for a borrower in default, 7 C.F.R. § 762.143(b)(3)(ii), does not mean that discretion

does not exist as to how best to accomplish that broad policy statement. Broad policy mandates may exist which are only attainable by the exercise of discretionary decisions. *Valdez v. United States*, 56 F.3d 1177, 1180 (9th Cir. 1995); *Blackburn v. United States*, 100 F.3d 1426, 1430-31 (9th Cir. 1996).

In addressing FTCA claims arising out of farm program cases, courts have found that the decisions regarding the granting, administration, and application of loan servicing options are decisions protected by the discretionary function exception and may not be second guessed in tort litigation. *Williamson v. USDA*, 815 F.2d 368, 375-76 (5th Cir. 1987) (statute replete with discretionary responsibility regarding the Agency's power to make or insure loans, and compromise, adjust or reduce claims, therefore tort suit dismissed under discretionary function exception); *Teupker v. Farmers Home Administration*, 708 F.2d 1329, 1332-33 (8th Cir. 1983) (decision to deny request for additional loan barred by discretionary function exception).

In this case the United States guaranteed loans under contracts with ASB. Andersons failed to make timely payments. The bank rolled over and restructured debt for years instead of foreclosing, resulting in a pyramiding obligation which exceeded over $930,000 in guaranteed loans. Andersons assert that they were entitled to Interest Assistance (IA), but they had already received IA and were

capped out under the regulations.  Under the statutes and regulations there is room for discretion in determining what recommendations FSA should make, if any, in dealing with a distressed borrowers like the Andersons.  Assisting farmers to maintain their farm is one social policy to consider, while a countervailing policy of reducing claims against the public fisc, also exists.  How to weigh these matters is much like the banking decisions protected by the discretionary function exception in *Gaubert*.  The Court has determined that no specific mandatory regulations were violated by FSA.  Thus, tort claims against the United States are barred under 28 U.S.C. § 2680(a).

In addition to discretion protecting management and application of farm programs, the manner in which the United States selects, trains, and supervises its employees also generally falls within the discretionary function exception.  *See K.W. Thompson Tool Co. Inc. v. United States*, 836 F.2d 721, 727-28 (1st Cir. 1988) (allegations regarding supervision of its employees by the EPA fell within the discretionary function exception and any alleged negligence based on that conduct was not actionable); *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) (court found that decision on whom to train and how to train postal service employees regarding mail bomb detection were grounded in social, economic, and political policy and barred claims for negligent training under discretionary

function exception); *Dretar v. Smith*, 752 F.2d 1015, 1017 n. 2 (5th Cir. 1985) (court dismissed claims alleging negligent supervision finding that "[s]upervising employees is certainly a discretionary function"); *United States v. Faneca*, 332 F.2d 872, 874 (5th Cir. 1964) ("formulation of plans and the manner of control over Government personnel" are discretionary and protected by § 2680(a)); *Attallah v. United States*, 955 F.2d 776, 784-85 (1st Cir. 1992) (claim that customs agents failed to supervise other agents, thus facilitating their criminal actions against a courier, fell within § 2680(a)); *Salvador v. Meese*, 641 F. Supp. 1409, 1418 (D. Mass. 1986) (decision to employ a particular individual is a discretionary function).

The facts, which have not been disputed, demonstrate that Patrick Turner received extensive training. That being said, decisions on how or when to train and on what, are the types of decisions protected by the discretionary function exception. Claims that Turner should have been supervised closer also involve policy decisions and are protected by the discretionary function exception.

**C.    Third Party Plaintiffs' Claims Against Federal Defendants are also Barred by Assault, Misrepresentation, and Interference with Contract Exception Under 28 U.S.C. § 2680(h).**

Andersons are asserting claims based on assault, misrepresentation and interference with contract or prospective business advantage. Count II alleges tortious interference with prospective business advantage asserting wrongful interference with Andersons' lending contract with ASB. Count I references violence and abuse, which arises out of assault claims. Such claims are barred under 28 U.S.C. § 2680(h) which provides in pertinent part as follows:

> [T]he provisions of this chapter and section 1346(b) of this title shall not apply to -
> . . . .
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: . . . .

Title 28 U.S.C. § 2680(h), bars claims for misrepresentation and interference with contract rights. Thus, claims against the United States based on negligent or intentional misrepresentation of agency regulations or interference with contract are barred by the doctrine of sovereign immunity. *Williamson v.*

*U.S. Dept. of Agriculture*, 815 F.2d 368, 377, n. 8 (5th Cir. 1987). If the tort claim arises out of the torts set forth in § 2680(h), the court is deemed without subject matter jurisdiction to hear the case. *Broudy v. United States*, 661 F.2d 125, 127 (9th Cir. 1981).

If Andersons' claims are based on misrepresentation, fraud or deceit, they are also not allowed under § 2680(h). Some allegations in the complaint make reference to claims that federal or bank employees falsely stated that if Andersons liquidated some of their collateral, that any remaining debt would be restructured. The United States has denied such allegations, asserting that any restructure would be a bank decision, and would also require Andersons to be able to cash flow remaining debt. However, any such claims against the United States arising out of such allegations are also barred under § 2680(h) which applies whether the claim is for intentional or negligent misrepresentation. *United States v. Neustadt*, 366 U.S. 696, 706-07 (1961).

It also appears in the Third Party Complaint that Andersons may be seeking tort damages out of a fist fight that occurred when FSA employee Pat Turner was out at the Andersons' property to appraise equipment. There are questions of fact about the fist fight. Regardless, as set forth above, also excepted from the waiver

of sovereign immunity under § 2680(h), are claims arising out of assault or battery.

Any tort claims arising out of assault or battery must be dismissed.

**D.  Andersons Do Not Have a Viable 42 U.S.C. § 1981 Claim.**

Count V of the Third Party Complaint against federal defendants alleges civil rights violations under 42 U.S.C. § 1981.  However, sovereign immunity bars claims under 42 U.S.C. § 1981 as against the United States, its agencies and employees.  Section 1981 provides in pertinent part as follows:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

"Section 1981 claims do not lie against federal actors."  *Farag v. United States*, 587 F. Supp.2d 436, 471 (E.D.N.Y. 2008).

-18-

> Decidedly missing from that statutory provision [1981(c)] is
> any mention that the rights created by § 1981 are protected
> from discrimination by those acting under color of federal law.
> Therefore, a waiver of the sovereign immunity of the United
> States is not "unequivocally expressed" in § 1981. Moreover,
> every court which has addressed the question has concluded
> that § 1981 does not constitute a waiver of the sovereign
> immunity for suits against the United States or against federal
> employees acting within their official capacities. See e.g.,
> *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164
> F.3d 282, 285 (5th Cir. 1999) ("This Court has long recognized
> that suits against the United States brought under the civil
> rights statutes [42 U.S.C. §§ 1981, 1983, 1985, 1986, and
> 1988] are barred by sovereign immunity."); *United States v.
> Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) . . . .

*Norris v. Principi*, 254 F. Supp.2d 883, 889 (S.D. Ohio, 2003). See also, *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005); *Davis v. U.S. Dept. of Justice*, 204 F.3d 723, 725-26 (7th Cir. 2000); *Davis-Warren Auctioneers, J.V. v. FDIC*, 215 F.3d 1159, 1161 (10th Cir.2000). Although the Ninth Circuit does not appear to have directly addressed the issue under § 1981, in analyzing the "under color of state law" language under 42 U.S.C. § 1983, it too has held that such language "precludes liability in federal government actors." *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997).

It is clear that the United States, Farm Service Agency and Pat Turner were acting under color of federal law. First, they are federal actors. Second,

Andersons allege that "Patrick Turner [was] acting in his capacity as an officer and agent of FSA," and "[A]t all times referenced herein, Patrick Turner was acting within the course and scope of his employment with FSA." It is also clear the federal actors are acting under color of federal law as the Third Party Complaint is based on the federal guaranteed loan program authorized by federal statute. Andersons repeatedly make allegations that they had rights under the federal guaranteed loan program which were allegedly denied, based on their references to the Agricultural Credit Act of 1987 and Farm Service Agency regulations, and Federal manuals throughout their Third Party Complaint.

Andersons make conclusory allegations that the United States is somehow the agent of ASB. However, because ASB lacks control over the daily operations of the United States, Farm Service Agency and FSA employee Patrick Turner, there is no agency relationship. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 290 (5th Cir. 2004) (court dismissed claims under § 1981 against GM, finding that GM was independent from a local dealership, and there was no showing of control of daily operations by GM over local dealership); see also, *Arguello v. Conoco, Inc.*, 207 F.3d 803 (5th Cir. 2000); *Gen. Bldg. Contractors Assn. v. Pennsylvania*, 458 U.S. 375, 393 (1982). Moreover, the United States, its agency and employees, have a federal basis under the statute and regulations, to

evaluate collateral and to make recommendations, because the United States has an independent statutory motive to minimize any loss claims under its guarantee. The mere fact that a federal employee is present, when there is a federal purpose to be present, does not mean the federal employee or the United States of America works at the behest of the bank. Therefore, the case against the United States, FSA and Turner, its employee, is barred by sovereign immunity.

Moreover, to succeed in a §1981 claim, the claimant needs to prove that an official policy led to the discrimination. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Andersons allege that Turner had racial animus. But the Third Party Complaint offers only one specific allegation of discriminatory intent: that Turner commented that the collateral was on "Indian land." This statement is true and most likely was made as a reference to jurisdiction for foreclosure actions or bank collateral enforcement orders. Beyond this, Andersons' Third Party Complaint presents merely "labels and conclusions," precisely the type of allegations that render pleadings insufficient under *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "'Stray remarks' are insufficient as a matter of law to demonstrate discriminatory animus." *Johnson v. Grays Harbor Community Hosp.*, 385 Fed. Appx. 647, 648-49 (9th Cir. 2010).

## CONCLUSION

Therefore, based upon the foregoing, the Motion for Summary Judgment by the Federal Defendants is **GRANTED**. The Third Party Complaint against all Federal Defendants is **DISMISSED** for failure to state a claim and because it is barred by sovereign immunity.

DATED this 14th day of December, 2011.

_/s/ Richard F. Cebull_____
RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE